IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (NEWARK VICINAGE)

| | | |
|---|---|---|
| YEON KYUNG PARK, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | No. |
| | : | |
| HOBBY LOBBY, "JOHN DOES 1-5", | : | |
| AND "ABC COMPANIES 1-5", | : | |
| (BOTH BEING FICTITIOUS | : | |
| DESIGNATIONS), | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT, HOBBY LOBBY STORES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Hobby Lobby Stores, Inc. (improperly pled as Hobby Lobby) ("Answering Defendant"), by way of answer to Plaintiff's Complaint, states:

**FIRST COUNT**

1. To the extent the allegations in this paragraph are not directed to Answering Defendant, no response is required by Answering Defendant, and they are deemed denied. To the extent the allegations in this paragraph are directed to Answering Defendant, after reasonable investigation, Answering Defendant has insufficient knowledge and/or information upon which to form a belief as to the truth of these averments and, accordingly, they are denied, and Plaintiff is left to her proofs.

2. To the extent the allegations in this paragraph is not directed to Answering Defendant, no response is required by Answering Defendant, and they are deemed denied. To the

extent the allegations in this paragraph are directed to Answering Defendant, the averments in this paragraph are conclusions of law to which no response is required and accordingly they are denied. To the extent that a response is required, the remaining averments in this paragraph are specifically denied. By way of further response, Answering Defendant denies all liability to any party whatsoever and it is specifically denied that Answering Defendant was careless or negligent, or that Answering Defendant is liable for Plaintiffs' alleged injuries or damages, or that Answering Defendant caused or contributed to Plaintiffs' alleged damages, the existence of which are denied. To the contrary, Answering Defendant acted with due care at all times material thereto.

3. To the extent the allegations in this paragraph is not directed to Answering Defendant, no response is required by Answering Defendant, and they are deemed denied. To the extent the allegations in this paragraph are directed to Answering Defendant, the averments in this paragraph are conclusions of law to which no response is required and accordingly they are denied. To the extent that a response is required, the remaining averments in this paragraph are specifically denied. By way of further response, Answering Defendant denies all liability to any party whatsoever and it is specifically denied that Answering Defendant was careless or negligent, or that Answering Defendant is liable for Plaintiffs' alleged injuries or damages, or that Answering Defendant caused or contributed to Plaintiffs' alleged damages, the existence of which are denied. To the contrary, Answering Defendant acted with due care at all times material thereto.

4. To the extent the allegations in this paragraph is not directed to Answering Defendant, no response is required by Answering Defendant, and they are deemed denied. To the extent the allegations in this paragraph are directed to Answering Defendant, the averments in this paragraph are conclusions of law to which no response is required and accordingly they are denied.

To the extent that a response is required, the remaining averments in this paragraph are specifically denied. By way of further response, Answering Defendant denies all liability to any party whatsoever and it is specifically denied that Answering Defendant was careless or negligent, or that Answering Defendant is liable for Plaintiffs' alleged injuries or damages, or that Answering Defendant caused or contributed to Plaintiffs' alleged damages, the existence of which are denied. To the contrary, Answering Defendant acted with due care at all times material thereto.

5. To the extent the allegations in this paragraph is not directed to Answering Defendant, no response is required by Answering Defendant, and they are deemed denied. To the extent the allegations in this paragraph are directed to Answering Defendant, the averments in this paragraph are conclusions of law to which no response is required and accordingly they are denied. To the extent that a response is required, the remaining averments in this paragraph are specifically denied. By way of further response, Answering Defendant denies all liability to any party whatsoever and it is specifically denied that Answering Defendant was careless or negligent, or that Answering Defendant is liable for Plaintiffs' alleged injuries or damages, or that Answering Defendant caused or contributed to Plaintiffs' alleged damages, the existence of which are denied. To the contrary, Answering Defendant acted with due care at all times material thereto.

6. To the extent the allegations in this paragraph is not directed to Answering Defendant, no response is required by Answering Defendant, and they are deemed denied. To the extent the allegations in this paragraph are directed to Answering Defendant, the averments in this paragraph are conclusions of law to which no response is required and accordingly they are denied. To the extent that a response is required, the remaining averments in this paragraph are specifically denied. By way of further response, Answering Defendant denies all liability to any party

whatsoever and it is specifically denied that Answering Defendant was careless or negligent, or that Answering Defendant is liable for Plaintiffs' alleged injuries or damages, or that Answering Defendant caused or contributed to Plaintiffs' alleged damages, the existence of which are denied. To the contrary, Answering Defendant acted with due care at all times material thereto.

7. To the extent the allegations in this paragraph is not directed to Answering Defendant, no response is required by Answering Defendant, and they are deemed denied. To the extent the allegations in this paragraph are directed to Answering Defendant, the averments in this paragraph are conclusions of law to which no response is required and accordingly they are denied. To the extent that a response is required, the remaining averments in this paragraph are specifically denied. By way of further response, Answering Defendant denies all liability to any party whatsoever and it is specifically denied that Answering Defendant was careless or negligent, or that Answering Defendant is liable for Plaintiffs' alleged injuries or damages, or that Answering Defendant caused or contributed to Plaintiffs' alleged damages, the existence of which are denied. To the contrary, Answering Defendant acted with due care at all times material thereto.

8. To the extent the allegations in this paragraph is not directed to Answering Defendant, no response is required by Answering Defendant, and they are deemed denied. To the extent the allegations in this paragraph are directed to Answering Defendant, the averments in this paragraph are conclusions of law to which no response is required and accordingly they are denied. To the extent that a response is required, the remaining averments in this paragraph are specifically denied. By way of further response, Answering Defendant denies all liability to any party whatsoever and it is specifically denied that Answering Defendant was careless or negligent, or that Answering Defendant is liable for Plaintiffs' alleged injuries or damages, or that Answering

Defendant caused or contributed to Plaintiffs' alleged damages, the existence of which are denied. To the contrary, Answering Defendant acted with due care at all times material thereto.

**WHEREFORE**, Answering Defendant demands judgment in its favor together with interest and costs and such other and further relief as this Court deems just and proper.

## SECOND COUNT

1. Answering Defendant incorporates by reference its Answers to all of the above paragraphs, as though set forth at length herein.

2. To the extent the allegations in this paragraph are not directed to Answering Defendant, no response is required by Answering Defendant, and they are deemed denied. To the extent the allegations in this paragraph are directed to Answering Defendant, the averments in this paragraph are conclusions of law to which no response is required and accordingly they are denied. To the extent that a response is required, the remaining averments in this paragraph are specifically denied. By way of further response, Answering Defendant denies all liability to any party whatsoever and it is specifically denied that Answering Defendant was careless or negligent, or that Answering Defendant is liable for Plaintiffs' alleged injuries or damages, or that Answering Defendant caused or contributed to Plaintiffs' alleged damages, the existence of which are denied. To the contrary, Answering Defendant acted with due care at all times material thereto.

**WHEREFORE**, Answering Defendant demands judgment in its favor together with interest and costs and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The claims against Answering Defendant are barred or limited by the applicable statute of limitations.

### SECOND DEFENSE

Plaintiff's recovery is barred or limited pursuant to the applicable Workers Compensation Act, Statutory Employer Defense and/or Borrowed Servant Doctrine.

### THIRD DEFENSE

Plaintiffs' recovery is barred because the alleged issue, defect and/or condition was open and obvious.

### FOURTH DEFENSE

The claims against Answering Defendant are barred or limited by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff has failed to set forth a cause of action upon which relief can be granted.

### SIXTH DEFENSE

The claims against Answering Defendant are barred or limited by the doctrines of res judicata, collateral estoppel and/or the entire controversy doctrine.

### SEVENTH DEFENSE

The claims against Answering Defendant are barred or limited by the doctrines of release and/or accord and satisfaction.

### **EIGHTH DEFENSE**

The claims against Answering Defendant are barred or limited pursuant to the doctrine of waiver.

### **NINTH DEFENSE**

Plaintiff's Complaint is subject to dismissal or transfer to the extent that this Court lacks subject matter jurisdiction.

### **TENTH DEFENSE**

Answering Defendant's conduct was not a substantial factor in causing or contributing to the alleged damages.

### **ELEVENTH DEFENSE**

The claims against Answering Defendant are barred or limited due to the failure to mitigate damages.

### **TWELVTH DEFENSE**

The damages asserted herein were caused by the acts or omissions of third parties over whom Answering Defendant had no control.

### **THIRTEENTH DEFENSE**

The claims against Answering Defendant are barred or limited due to the damages not being foreseeable.

### **FOURTEENTH DEFENSE**

The claims against Answering Defendant are barred or limited due to the damages being the result of superseding and/or intervening causes outside the control of Answering Defendant.

**FIFTEENTH DEFENSE**

The damages alleged herein are not the result of the actions or omissions which are the subject of Plaintiff's Complaint.

**SIXTEENTH DEFENSE**

Answering Defendant did not owe any relevant duty and/or did not breach any duty that may have been due and owing.

**SEVENTEENTH DEFENSE**

At all times relevant hereto, Answering Defendant acted in a reasonable, proper and prudent manner.

**EIGHTEENTH DEFENSE**

The claims against Answering Defendant are barred or limited due to the Plaintiff's own negligence and/or the negligence of Plaintiff's agents, servants, employees, representatives.

**NINETEENTH DEFENSE**

The claims against Answering Defendant are barred or limited pursuant to the assumption of the risk doctrine.

**TWENTIETH DEFENSE**

The damages asserted against Answering Defendant were not actually, factually or proximately caused by any act or omission on the part of Answering Defendant.

**TWENTY FIRST DEFENSE**

The instrumentality and/or property which allegedly caused the damages being alleged was owned, maintained, controlled and/or possessed by persons or entities over which Answering Defendant had no control or right to control.

## TWENTY SECOND DEFENSE

Plaintiff sustained no compensable injuries and/or losses.

## TWENTY THIRD DEFENSE

Answering Defendant did not have notice of any alleged dangerous, defective or other causative issues, defects and/or conditions.

## TWENTY FOURTH DEFENSE

The claims against Answering Defendant are barred or limited based on the doctrine of spoliation of evidence by Plaintiff and/or their representatives, agents, insurers, insurer's agents, insurer's employees or others beyond the control of Answering Defendant.

## TWENTY FIFTH DEFENSE

The claims against Answering Defendant are barred or limited based on an act of God or other act outside of the control Answering Defendant.

## TWENTY SIXTH DEFENSE

Plaintiff's claims are barred and/or limited by the doctrine of estoppel.

## TWENTY SEVENTH DEFENSE

The injuries or damages alleged were caused in whole or in part by the intervening and superseding acts of third parties over whom Answering Defendant had no control or duty to control.

## TWENTY EIGHTH DEFENSE

If Plaintiff has suffered any alleged injuries or damages, such injuries or damages were caused in part, or in their entirety, by Plaintiff's own negligence.

## TWENTY NINTH DEFENSE

Plaintiff's Complaint is subject to dismissal or transfer for improper venue.

## THIRTIETH DEFENSE

Plaintiff's Complaint is subject to dismissal or transfer for forum non conveniens.

## THIRTY FIRST DEFENSE

Plaintiff's claims are barred or limited to insufficiency of process and/or insufficiency of service of process and/or subject to dismissal pursuant to Federal Rule of Civil Procedure 4 and any applicable local rule due to failure to timely effectuate service.

## THIRTY SECOND DEFENSE

Plaintiff's Complaint is subject to dismissal or transfer to the extent that this Court lacks in personam jurisdiction.

## THIRTY THIRD DEFENSE

Answering Defendant's conduct was not a factor in causing or contributing to the alleged damages.

## THIRTY FOURTH DEFENSE

The claims against Answering Defendant are barred or limited pursuant to the applicable Tort Claims Act.

## THIRTY FIFTH DEFENSE

Answering defendant incorporates by reference all defenses raised by any other party to this matter.

## THIRTY SIXTH DEFENSE

Plaintiff's recovery is barred or limited in accordance with the applicable comparative

negligence statute as a result of Plaintiff's contributory/comparative negligence.

## THIRTY SEVENTH DEFENSE

Answering Defendant hereby adopts and incorporates by reference all applicable defenses to Plaintiffs' claims as set forth in any other parties' answers to Plaintiff's Complaint and any amended complaints.

## THIRTY EIGHTH DEFENSE

To the extent Plaintiff is awarded money damages, such damages should be reduced by the total amount of any and all payments that Plaintiff has received from any and all collateral sources.

## THIRTY NINTH DEFENSE

Plaintiff's damages are speculative.

## FORTIETH DEFENSE

The accident averred in Plaintiff's Complaint was not foreseeable.

## FORTY-FIRST DEFENSE

Any actions or omissions of Answering Defendant, while the same are expressly denied, was not a substantial factor in causing or contributing to the incident, accident, injuries and/or damages averred in the Complaint.

## FORTY-SECOND DEFENSE

The Complaint must be dismissed due to Plaintiff's failure to join indispensable parties.

## FORTY-THIRD DEFENSE

The instrumentality and/or property which allegedly caused injury to the Plaintiff was adequately and properly maintained at the time of the accident averred in the Complaint.

**FORTY-FOURTH DEFENSE**

The incident described in Plaintiff's Complaint was caused wholly or partially by the negligence, breach of contract, breach of warranty, breach of duty, reckless or intentional acts of the Plaintiff and/or other Defendants, or other third parties and Plaintiff is barred/ limited from recovery and/or recovery is reduced thereby.

**FORTY-FIFTH DEFENSE**

The claims against Answering Defendant are barred because Plaintiff was a trespasser.

**FORTY- SIXTH DEFENSE**

Plaintiff's claims are barred or limited due to Plaintiff's failure to utilize an appropriate alternative path.

**FORTY-SEVENTH DEFENSE**

Answering Defendant adopts and incorporates by reference, as if the same were set forth at length herein, all other affirmative defenses which have been or will be asserted by any other party in this action, except those which may contain allegations of liability against Answering Defendant, to the extent that such defenses are applicable to Answering Defendant.

**FORTY-EIGHTH DEFENSE**

To the extent that Plaintiff's Complaint seeks punitive or exemplary damages, said claims violate Answering Defendant' rights under the United States Constitution and the Constitution of the State of New Jersey, including but not limited to, equal protection and due process of law.

**FORTY-NINTH DEFENSE**

To the extent that Plaintiff's Complaint seeks punitive or exemplary damages, Plaintiff's claims are barred or limited in accordance with applicable State or Federal law.

## FIFTIETH DEFENSE

To the extent that Plaintiff's Complaint seeks punitive or exemplary damages, the trial of this matter shall be conducted on a bifurcated basis.

## FIFTY-FIRST DEFENSE

To the extent that Plaintiff's Complaint seeks punitive or exemplary damages, such damages are not permissible in this action to the extent that compensatory damages are not awarded.

## FIFTY-SECOND DEFENSE

To the extent that Plaintiff's Complaint seeks punitive or exemplary damages, Answering Defendant is not responsible for such an award against any Co-Defendant.

## FIFTY-THIRD DEFENSE

To the extent that Plaintiff's Complaint seeks punitive or exemplary damages, any such claim is limited in accordance with the applicable statutory cap.

## FIFTY-FOURTH DEFENSE

To the extent that Plaintiff's Complaint seeks punitive or exemplary damages, Plaintiff's must prove such damages by clear and convincing evidence.

## FIFTY-FIFTH DEFENSE

Plaintiff's claims may be governed, in whole or in part, by the laws of other jurisdictions, including the laws of other states.

**FIFTY-SIXTH DEFENSE**

Answering Defendant hereby expressly reserves and give notices that it intends to rely on other such affirmative defenses that may become available during the course of discovery in this matter without the need for a formal amendment of this pleading.

**CLAIM FOR CONTRIBUTION**

Without admitting any liability herein, Answering Defendant demands contribution from "JOHN DOES 1-5" and "ABC COMPANIES 1-5" (both being fictitious designations) and any parties hereinafter named, including any fictitious parties, who are not represented by this law firm, under the New Jersey Joint Tortfeasors Contribution Act, *N.J.S.A.* 2A:53A-1 et seq., the New Jersey Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1 et seq., and the New Jersey Tort Claims Act, *N.J.S.A.* 59:8-1 et seq., and any other applicable law.

**WHEREFORE**, Answering Defendant demands judgment in its favor together with interest and costs and such other and further relief as this Court deems just and proper.

**CLAIM FOR INDEMNITY**

Answering Defendant demands indemnity from "JOHN DOES 1-5" and "ABC COMPANIES 1-5" (both being fictitious designations) to this matter and any other parties

hereinafter named, including any fictitious parties, who are not represented by this law firm, both contractually and at common law.

**WHEREFORE**, Answering Defendant demands judgment in its favor together with interest and costs and such other and further relief as this Court deems just and proper.

**CLAIM FOR CONTRACTUAL
INDEMNIFICATION AND BREACH OF CONTRACT**

At all times relevant hereto, if there existed a certain agreement and/or contract which required "JOHN DOES 1-5" and "ABC COMPANIES 1-5" (both being fictitious designations) and any other parties hereinafter named, to defend, hold harmless, and indemnify Answering Defendant or which required the parties to obtain insurance coverage for the benefit of Answering Defendant with respect to the damages being alleged in connection with this matter, and "JOHN DOES 1-5" and "ABC COMPANIES 1-5" (both being fictitious designations) and any other parties hereinafter named, have failed to provide defense and indemnification and/or obtain insurance coverage to the benefit of Answering Defendant in accordance with the agreement and/or contract, then "JOHN DOES 1-5" and "ABC COMPANIES 1-5" (both being fictitious designations) and any other parties hereinafter named, have breached their contractual obligations to defend and indemnify Answering Defendant and/or to provide Answering Defendant with insurance coverage.

**WHEREFORE**, Answering Defendant demands judgment in its favor together with interest and costs and such other and further relief as this Court deems just and proper.

**NOTICE OF ALLOCATION**

To the extent applicable and/or permissible, Answering Defendant hereby advises that if any co-Defendants settle the within matter prior to the conclusion of trial, the liability of any

settling co-Defendants shall remain at issue and Answering Defendant shall seek an allocation of the percentage of negligence by the finder of fact against such settling co-Defendants and/or a credit in favor of the Answering Defendant consistent with such allocation. Answering Defendant further advises of its intention to seek an allocation of fault against any fictitious parties.

## CLAIM FOR INSURANCE COVERAGE

Answering Defendant demands defense, indemnity and insurance coverage from "JOHN DOES 1-5" and "ABC COMPANIES 1-5" (both being fictitious designations) and any other Defendants hereinafter named, who are not represented by this law firm, at common law and pursuant to all applicable insurance policies.

## ANSWERS TO CONTRIBUTION CLAIMS, INDEMNITY CLAIMS AND CROSSCLAIMS

Answering Defendant denies that it is liable for any and all contribution claims, indemnification claims, and crossclaims which have been or will be asserted against it.

## ADDITIONAL ANSWERS TO CROSSCLAIMS

1. Answering Defendant incorporates the foregoing paragraphs of its Answer and Separate Defenses as fully as if set forth herein at length.

2. All crossclaims against Answering Defendant are denied, and strict proof is demanded at trial.

**WHEREFORE**, Answering Defendant demands judgment in its favor and against Cross-Claimants, together with fees, interests and costs thereupon.

## RESERVATION OF MOTION TO STRIKE

Answering Defendant reserves the right to move to strike the return of service and the Complaint due to lack of personal jurisdiction and/or insufficiency of process and/or insufficiency of service of process.

## JURY TRIAL DEMAND

**PLEASE TAKE NOTICE** that Answering Defendant hereby demands a trial by a jury of twelve (12) as to all issues.

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that Joseph A. Ricchezza, Esquire is hereby designated as trial counsel.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. Rule 8.1, Answering Defendant demands a written statement of the amount of damages claimed within fourteen (14) days of service of the within Answer.

## CERTIFICATION PURSUANT TO D.N.J. LOCAL CIVIL RULE 11.2

I certify that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding now or contemplated.

4904-8487-6816, v. 1

                                                    **SALMON RICCHEZZA SINGER & TURCHI LLP**

By: _____

       Joseph A. Ricchezza, Esquire
       David J. Jones, Esquire
       Tower Commons
       123 Egg Harbor Road, Suite 406
       Sewell, NJ 08080
       jricchezza@srstlaw.com
       djones@srstlaw.com
       *Attorneys for Defendant, Hobby Lobby Stores, Inc.*

Dated: January 29, 2026

4904-8487-6816, v. 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (NEWARK VICINAGE)

| | | |
|---|---|---|
| YEON KYUNG PARK, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | No. |
| | : | |
| HOBBY LOBBY, "JOHN DOES 1-5", | : | |
| AND "ABC COMPANIES 1-5", | : | |
| (BOTH BEING FICTITIOUS | : | |
| DESIGNATIONS), | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Answer with Affirmative Defenses has been served on the below listed counsel via the Court's e-filing system and email:

Domenick J. Scrivanich, Esq.
Martin Stephen Cedzidlo, Esq.
JAE LEE LAW, P.C.
2050 Center Avenue, Suite 120
Fort Lee, NJ, 07024
DOMENICK@JAELEELAW.COM
MARTIN@JAELEELAW.COM
*Counsel for Plaintiff*

**SALMON RICCHEZZA SINGER & TURCHI LLP**

By: _____
Joseph A. Ricchezza, Esquire
David J. Jones, Esquire
Tower Commons
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
jricchezza@srstlaw.com
djones@srstlaw.com
*Attorneys for Defendant, Hobby Lobby Stores, Inc.*

Dated: January 29, 2026

4904-8487-6816, v. 1